O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. BAILEY,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 15-1805-KK<br><br>MEMORANDUM AND ORDER |

Plaintiff Sharon L. Bailey ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her application for Title II Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c). For the reasons stated below, the Commissioner's decision is AFFIRMED.

## I.

## **PROCEDURAL HISTORY**

On April 7, 2006, Plaintiff filed an application for DIB, alleging a disability onset date of January 12, 2005. Administrative Record ("AR") at 70-73. Plaintiff's application was denied initially on July 7, 2006, and on reconsideration

on April 12, 2007. AR at 33. On May 4, 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 45.

On April 16, 2008, Plaintiff testified at a hearing before the assigned ALJ Mason D. Harrell. Id. 233-51. Following the hearing, ALJ Harrell concluded Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act and hence not entitled to benefits. Id. at 203-11. Plaintiff requested review of ALJ Harrell's decision, which the Appeals Council denied on September 26, 2008. Id. at 232.

On January 14, 2009, Plaintiff filed a complaint in this Court seeking review of the Agency's denial of benefits. CACD Case No. CV 09-112-FMO, Dkt. 3. On April 29, 2010, the court issued an order remanding the case for further administrative action. AR at 278.

On February 3, 2011, ALJ Harrell determined Plaintiff was disabled under sections 216(i) and 223(d) as of December 20, 2008 when Plaintiff turned fifty-five years old and became considered a person of "advanced age." Id. at 219-29. ALJ Harrell further determined Plaintiff was only considered a person "closely approaching advanced age" at her alleged disability onset date of January 12, 2005, and thus, did not qualify as disabled under Rule 202.14 of the Medical-Vocational Guidelines ("Guidelines"). Id. at 227-28.

On April 7, 2011, Plaintiff requested review of ALJ Harrell's 2011 decision. Id. at 341. On December 7, 2012, the Appeals Council remanded the case to ALJ Jay Levine ("the ALJ").[1] Id. at 347, 349.

On April 23, 2013, Plaintiff appeared with counsel and testified at a hearing before the ALJ. Id. at 387-404. A vocational expert ("VE") also testified at the

---

[1] The Appeals Council could not locate the recording of the 2010 hearing before ALJ Harrell, and thus, deemed the record incomplete. Id. at 349. Accordingly, the Appeals Council remanded the case to ALJ Levine "to complete the administrative record and issue a new decision." Id.

2

hearing. Id. On May 14, 2013, the ALJ issued his decision, in which he concluded Plaintiff's date of disability began on December 20, 2008. Id. at 16-30.

On May 22, 2013, Plaintiff requested review of the ALJ's decision, which the Appeals Council denied. Id. at 3-6.

On September 3, 2015, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed August 29, 2016. Dkt. 27, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on December 20, 1953, and her alleged disability onset date is January 12, 2005. AR at 70. She was fifty-two years old on the alleged disability onset date and fifty-nine years old at the time of the hearing before the ALJ. Id. at 387. Plaintiff has at least a high school education and work history as a cement loader. Id. at 80, 84. Plaintiff alleges disability based on bilateral carpel tunnel syndrome and a pinched nerve. Id. at 80.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for DIB, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]
4. Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

///

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

# IV.
# **THE ALJ'S DECISION**

### A. STEP ONE

At step one, the ALJ found Plaintiff did not engage in work activity "high enough to indicate substantial gainful activity" as of Plaintiff's alleged disability date, January 12, 2005, and since Plaintiff's disability onset date, December 20, 2008. AR at 18-19.

### B. STEP TWO

At step two, the ALJ found Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; carpal tunnel syndrome, status post release; and obesity." Id. at 19.

### C. STEP THREE

At step three, the ALJ found Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Id.

### D. RFC DETERMINATION

The ALJ found Plaintiff had the following RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b) as follows: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday in one-hour intervals; she can sit for six hours out of an eight-hour workday with normal breaks; she is limited to pushing and pulling with upper extremities no more than 33% of the time; she cannot perform forceful gripping or grasping with 'forceful' defined as the range of force necessary to operate a heavy hand tool like a power saw or the force necessary to unscrew a very tight jar lid; she is limited to lifting above shoulder level no more than 33% of the time; and she is precluded from jobs that require her to maintain a fixed head position, such as looking into a microscope for minutes at a time." Id. at 19-20.

///

### E. STEP FOUR

At step four, the ALJ found Plaintiff "has been unable to perform any past relevant work" as a cement loader. Id. at 27.

### F. STEP FIVE

At step five, the ALJ found "prior to the established onset date of disability, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." Id. at 29. Thus, "[p]rior to December 20, 2008, a finding of 'not disabled' [wa]s therefore appropriate under the framework" according to the Guidelines. Id. However, on December 20, 2008, when Plaintiff turned fifty-five and her age category changed, the ALJ found Plaintiff qualified as "disabled" according to a "direct application of Medical-Vocational Rule 202.04." Id.

## V.
## PLAINTIFF'S CLAIM

Plaintiff presents one disputed issue: "Whether the ALJ properly applied the medical-vocational guidelines as a framework" in determining Plaintiff was not disabled prior to December 20, 2008. Dkt. 27, JS at 5.

## VI.
## STANDARD OF REVIEW

Pursuant to Title 42 of the United States Code, section 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th

Cir. 2007).  It is more than a scintilla but less than a preponderance.  Id.  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a specific quantum of supporting evidence") (citations and internal quotation marks omitted).  "If the evidence can reasonably support either affirming or reversing," the reviewing court 'may not substitute its judgment' for that of the Commissioner.  Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

      The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (citation and internal quotation marks omitted).

## VII.
## DISCUSSION

      As set forth below, the Court determines the ALJ properly applied the Guidelines as a framework.  Specifically, the Court finds the ALJ properly considered testimony by the VE in making his determination Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers at the light work occupational base level ("Light Occupational Base") in the national economy.

### A. RELEVANT FACTS

Plaintiff has at least a high school education and is classified as "unskilled" according to her previous work experience as a cement loader. 20 C.F.R. § 404.1568; id. at 28. Prior to December 20, 2008, Plaintiff's disability onset date, Plaintiff's age category was defined as "closely approaching advanced age." 20 C.F.R. § 404.1563; AR at 28. On December 20, 2008, Plaintiff turned fifty-five years old, and her age category changed to a person of "advanced age." AR at 28. Based on the medical evidence presented, the ALJ concluded Plaintiff had the RFC to perform Light Work as defined in 20 C.F.R. section 404.1567(b). Id. at 19. Plaintiff does not contest these findings. See Dkt. 27, JS at 5-11.

The ALJ further concluded that a substantial number of Light Occupational Base jobs accessible to Plaintiff existed in the national economy despite Plaintiff's limitations. AR at 28-29. In making this finding, the ALJ consulted a VE who testified at the hearing. Id. According to the VE, taking into consideration Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform work as a cashier II, small products assembler II, and toy assembler, all of which are considered light, unskilled occupations. Id. at 29. The VE further testified that Plaintiff's limitations would erode the number of jobs as a cashier by 75%, as a small products assembler by 90%, and as a toy assembler by 90%. Id. Nevertheless, even considering the erosion, the VE concluded Plaintiff would be left with 1,125 positions regionally and over 25,000 nationally as a cashier, 900 positions regionally and 8,000 nationally as a small products assembler, and 250 positions regionally and 4,000 nationally as a toy assembler. Id. In total, the VE found there were 2,275 regional jobs and 37,000 national jobs appropriate for Plaintiff's situation. Id. Relying on the VE's testimony, the ALJ concluded Plaintiff is "capable of making a successful adjustment to other work that existed in significant numbers in the national economy," specifically work at the "unskilled light occupational base." Id.

1       Thus, using the Light Occupational Base Grid as a framework and based on
2 the VE's testimony, the ALJ determined Plaintiff was "not disabled" prior to
3 December 20, 2008, when Plaintiff was considered a person "closely approaching
4 advanced age." AR at 29; see 20 C.F.R. Pt. 404, Subpt. P, App. 2; Rule 201.12.
5 However, once Plaintiff's status changed to a person of "advanced age," on
6 December 20, 2008, the ALJ found Plaintiff "disabled" based on a direct
7 application of the Light Occupational Base Grid, Rule 202.04. AR at 29.

### B. APPLICABLE LAW

      At Step Five of the analysis, the burden is on the Commissioner to establish the claimant is not disabled because she can perform other substantial gainful work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 404.1560, 416.920, 416 .960. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, *or* (b) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Tackett, 180 F.3d at 1100–01.

      The Guidelines "are used to determine whether substantial gainful work exists for the claimant with respect to substantially uniform levels of impairment." Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002) (citing Moore v. Apfel, 216 F.3d 864, 869 (9th Cir.2000)). "The [Guidelines] categorize jobs by their physical-exertional requirements" and consist of three grids, ("Grids") one for sedentary work, one for light work, and one for medium work. Tackett, 180 F.3d at 1101. Each Grid considers a claimant's age, education, and work experience, all of which are relevant to a claimant's ability to find work. Id. For each combination of these factors, the Grids "direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." Id.; see also 20 C.F.R. Pt. 404, Subpt. P, App. 2. The Grids, however, are only to be conclusively applied "where they completely and

accurately represent a claimant's limitations." Tackett, 180 F.3d at 1101 (quoting Heckler v. Campbell, 461 U.S. 458, 460-62, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983)).

When the Grids do not adequately take into account a claimant's abilities and limitations because, for example, the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has non-exertional limitations, "the Grids are to be used only as a framework, and a vocational expert must be consulted." Thomas, 278 F.3d at 960 (citing Moore, 216 F.3d at 869-70); SSR 83-12, 83-14[3]. Of course, it is ultimately "the ALJ, not the vocational expert, [who] is responsible for weighing the value of all the evidence presented (including the expert testimony), determining the degree of erosion, and ultimately selecting the appropriate Grid Rule." Kennedy v. Colvin, No. 13-CV-1632-WQH-KSC, 2014 WL 3695466, at *1 (S.D. Cal. July 22, 2014).

### C. ANALYSIS

Here, the ALJ correctly noted "[w]hen the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking." AR at 28. In this particular case, the ALJ concluded "the claimant's ability to perform all or substantially all of the requirements of [light] work was impeded by additional limitations." Id. Thus, to determine the extent to which Plaintiff's limitations eroded the unskilled, Light Occupational Base, the ALJ consulted a VE. See id. at 28-29.

---

[3] SSRs, according to the governing regulations, "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" of the SSA. 20 C.F.R. § 402.35(b)(1). "SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir.2006) (quoting Ukolov v. Barnhart, 420 F.3d 1002, 1005 n. 2 (9th Cir.2005)); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009).

Plaintiff argues the ALJ erred when he applied the Light Occupational Base Grid, as opposed to the sedentary work occupational base ("Sedentary Occupational Base") Grid, a lower exertional rule, as a framework. Dkt. 27, JS at 8. Plaintiff alleges her physical limitations "resulted in a significant erosion of the Light Occupational Base," which should have mandated application of the lower exertional rule. Id. According to Plaintiff, the ALJ should have followed the Agency's Program Operations Manual Systems ("POMS") DI 25001.001 B.72, which indicates a lower exertional rule should be applied when there is a considerable reduction in the available occupations at a particular exertional level. Id. at 7.

While POMS may generally advise application of the lower exertional level when there is evidence of significant erosion, the ALJ is under no obligation to adhere to such a practice because, in situations where the Grids do not accurately and completely describe a claimant's residual functional capacity, the Grids simply exist as a "reference point for decisiomaking," which the ALJ may or may not elect to rely upon. Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988). Moreover, POMS does "not impose judicially enforceable duties on either the court or the ALJ." Kennedy v. Colvin, 738 F.3d 1172, 1177-78 (9th Cir. 2013). Social Security Rules ("SSRs"), on the other hand, are binding on ALJs and entitled to deference by the courts so long as they are consistent with the Social Security Act. See Bray, 554 F.3d at 1224.

In this case, SSR 83-12 specifically addresses the advisable course of action for an ALJ when presented with a situation where the "exertional level falls between two rules which direct opposite conclusions, i.e. 'Not disabled' at the higher exertional level and 'Disabled' at the lower exertional level." SSR 83-12. According to SSR 83-12, "if the exertional capability is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled.'" SSR

83-12 (emphasis added); Moore, 216 F.3d at 870.  However, "[i]n situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining vocational base to support a conclusion as to disability.  Accordingly, [VE] assistance is advisable for these types of cases."  Id.; see also Thomas, 278 F.3d at 960.

Here, like the example contemplated by SSR 83-12, Plaintiff's exertional level falls between two rules that direct opposite conclusions: "not disabled" at the Light Occupational Base level, pursuant to Rule 202.13, and "disabled" at the Sedentary Occupational Base level, pursuant to Rule 201.12.  While SSR 83-12 indicates a significant reduction in exertional capability "could justify a finding of 'Disabled,'" by application of the lower exertional level, it does not mandate such a finding.  SSR 83-12 (emphasis added).  Rather, SSR 83-12 advises consulting a VE, which is precisely what the ALJ did in this case.  Id.  Specifically, the ALJ was assisted by a VE who testified that given Plaintiff's age, education, work experience, and residual functional capacity, she had the capability to perform three different jobs at the Light Occupational Base.  AR at 28-29, 399-402.  Ultimately, instead of simply applying one exertional level, the ALJ properly used the Guidelines as a framework and consulted a VE to assist in determining whether Plaintiff's limitations prevented her from finding "other work that existed in significant numbers in the national economy."  AR at 29.  Consequently, the ALJ did not improperly apply the Guidelines as a framework and the resulting finding of "not-disabled" prior to Plaintiff's disability onset date was appropriate.

///
///
///
///

|   |   |
|---|---|
| 1 | **VIII.** |
| 2 | **ORDER** |
| 3 | For the foregoing reasons, IT IS ORDERED that judgment be entered |
| 4 | AFFIRMING the decision of the Commissioner. |
| 5 |   |
| 6 |   |
| 7 | Dated: September 23, 2016 |
| 8 | HONORABLE KENLY KIYA KATO<br>United States Magistrate Judge |